**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
Case No.: _____

PETER INMAN,

      Plaintiff,

v.

LITTLE MARGIE'S BROKE DA MOUTH
GRINDS, LLC, a Florida limited liability
company, M&M EVENTS, LLC, a Florida
limited liability company, and
JAY UNDERWOOD and MARGIE
UNDERWOOD,
individually,

      Defendants.

_____/

## **COMPLAINT FOR UNPAID OVERTIME WAGES**

Plaintiff, PETER INMAN ("Plaintiff"), by and through undersigned counsel,

sues Defendants and alleges:

JURISDICTION AND VENUE

1.     This is an action to recover unpaid overtime compensation, liquidated

damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et

seq. ("FLSA").

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 216(b).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in St. Augustine, Florida, within this District.

PARTIES

4.     Plaintiff, PETER INMAN, is an individual residing in St. Johns County, Florida.

5.     Defendant, LITTLE MARGIE'S BROKE DA MOUTH GRINDS, LLC, is a Florida limited liability company doing business in St. Augustine, Florida.

6.     Defendant, M&M EVENTS, LLC, is a Florida limited liability company that previously owned and/or operated the same restaurant business employing Plaintiff.

7.     Defendants JAY UNDERWOOD and MARGIE UNDERWOOD are individuals who acted directly or indirectly in the interest of the corporate Defendants and exercised operational control over Plaintiff's employment.

8.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

9.     At all relevant times, Defendants jointly employed Plaintiff.

10.    Defendants operated as an integrated enterprise and/or joint employers, sharing control over Plaintiff's employment, including hiring, firing, scheduling, compensation, and work duties.

11. The business operated under multiple entities over time, including M&M EVENTS, LLC and LITTLE MARGIE'S BROKE DA MOUTH GRINDS, LLC, but maintained continuity of operations, management, and workforce.

12. The individual Defendants had operational control over the business, including control over payroll practices, compensation policies, and employee work conditions.

13. The individual Defendants were involved in decisions regarding Plaintiff's hours, duties, and pay, and had the authority to hire, fire, and discipline employees.

## FLSA COVERAGE

14. At all relevant times, Defendants constituted an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s).

15. Upon information and belief, Defendants had annual gross revenues in excess of $500,000.00.

16. Defendants had two or more employees handling goods or materials that moved in interstate commerce, including food, beverages, kitchen equipment, and supplies.

17. Alternatively, Plaintiff was individually engaged in commerce within the meaning of 29 U.S.C. § 207(a)(1).

18. Plaintiff regularly handled, used, and worked with goods and materials that had moved in interstate commerce.

19. Specifically, Plaintiff handled food products, beverages, kitchen supplies, and equipment that originated outside the State of Florida.

20. Plaintiff's work was directly and vitally related to the functioning of Defendants' business, which depended on the use of goods and materials that moved in interstate commerce.

## FACTUAL ALLEGATIONS

21. Plaintiff worked for Defendants from approximately 2017 through March 31, 2026.

22. Plaintiff was employed as a cook.

23. Plaintiff was paid on an hourly basis, typically at a rate of approximately $25.00 per hour.

24. Plaintiff regularly worked in excess of forty (40) hours per workweek.

25. Plaintiff typically worked approximately six (6) days per week, and often worked seven (7) days per week.

26. Plaintiff's workdays generally consisted of shifts beginning early in the morning (approximately 4:00 a.m. to 5:30 a.m.) and continuing through midday.

27. Plaintiff routinely worked approximately fifty (50) or more hours per week.

28. Despite working overtime hours, Defendants failed to pay Plaintiff overtime compensation at one and one-half (1.5) times his regular rate of pay.

29. Instead, for a substantial portion of Plaintiff's employment, Defendants paid overtime hours in cash at Plaintiff's straight-time rate.

30. Defendants often issued Plaintiff a paycheck reflecting only forty (40) hours while separately paying additional hours in cash.

31. Within approximately the last five (5) weeks of Plaintiff's employment, Defendants began placing overtime hours on Plaintiff's paycheck but still paid those hours at the straight-time rate rather than the required overtime rate.

32. Defendants maintained time records through a point-of-sale system, which tracked Plaintiff's hours worked.

33. Defendants knew or should have known that Plaintiff was working overtime hours.

34. Defendants intentionally and systematically failed to properly record and compensate Plaintiff for all hours worked.

35. Defendants' pay practices, including paying overtime in cash at straight-time rates and limiting recorded hours to forty (40), demonstrate a pattern and practice of avoiding overtime obligations under the FLSA.

36. Defendants' violations were willful, in that Defendants knew their pay practices violated the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA.

37. Plaintiff resigned on or about March 31, 2026, after Defendants increased his workload and working conditions became untenable.

**COUNT I**
**Violation of the FLSA – Unpaid Overtime**
**(Against All Defendants)**

38. Plaintiff realleges and incorporates paragraphs 1 through 37.

39. The FLSA requires employers to pay non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

40. Plaintiff was a non-exempt employee entitled to overtime pay.

41. Defendants failed to pay Plaintiff overtime compensation as required by law.

42. Defendants' violations were willful and in reckless disregard of the FLSA.

43. As a result, Plaintiff has suffered damages in the form of unpaid overtime wages.

44. Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants;

b. Award unpaid overtime wages;

c. Award liquidated damages;

d. Award reasonable attorneys' fees and costs;

e. Award pre-judgment interest; and

f. Grant such further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: April 3, 2026
Plantation, Florida

**/s/ Robert S. Norell**

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*